IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:14-cv-805 |
| | : | |
| vs. | : | Judge Edmund A. Sargus, Jr. |
| | : | |
| STEPHEN BECHTEL, | : | Magistrate Judge Mark R. Abel |
| | : | |
| Defendant. | : | |

## 26(f) REPORT OF THE PARTIES

1. Pursuant to Fed. R. Civ. P. 26(f), a meet and confer was held on November 21 and 25, 2014 and attended by **Yousef M. Faroniya**, counsel for Plaintiff and **Kessia Cericola**, Trial Attorney for Defendant, to discuss the contents of this report.

2. Consent to Magistrate Judge. The parties:

    _X__ Unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636(c).

    ____ Do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636(c).

3. **Initial Disclosures**. The parties:

    ____ Will exchange initial disclosures.

    ____ Are exempt from such disclosures under Rule 26(a)(1)(E).

    __X_ Have agreed not to make initial disclosures.

4. **Jurisdiction and Venue**

    a. Describe any contested issues relating to: (1) subject matter jurisdiction, (2) personal jurisdiction and/or (3) venue:

        **None**

    b. Describe the discovery, if any, that will be necessary to the resolution of issues relating to jurisdiction and venue:

    **None**

    c. Recommended date for filing motions addressing jurisdiction and/or venue:

    **None**

**5. Amendments to Pleading and/or Joinder of Parties**

    a. Recommended date for filing motion/stipulation to amend the pleadings or to add additional parties:  **January 22, 2015.**

    b. If class action, recommended date for filing motion to certify the class:

    **N/A.**

**6. Recommended Discovery Plan**

    a. Describe the subjects on which discovery is to be sought and the nature and extent of discovery that each party will need:

    **The parties will conduct discovery on the claims in the Complaint and defenses thereto.  That will likely include Requests for Admissions, Requests for Documents, Requests for Interrogatories, Requests for Inspection, and a couple depositions.**

    **Plaintiff has stated that it intends to take the depositions of Defendant's neighbors.  Such an intention is an obvious attempt to coerce Defendant into an unwarranted settlement by embarrassing Defendant.  This is a pornography infringement case based on allegations of improper downloading of internet videos.  First of all, Defendant did not download any of Plaintiff's materials.  And second, there is no way for Defendant's neighbors to know what Defendant has downloaded.  Such requests are outside of the discovery bounds set by the Federal Rules of Civil Procedure.  Defendant objects to this request and requests that the Court issue an order precluding Plaintiff from engaging in third-party discovery except with leave of Court.**

    **Neither party waives the right to object to requested discovery that goes beyond the scope of the Federal Rules of Civil Procedure, including but**

    **not limited to, objections due to relevancy and undue burden.**

b. What changes should be made, if any, in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the local rules of this Court?

    **Defendant requests that the Court issue an Order precluding Plaintiff from engaging in third-party discovery without leave.  Defendant is not an infringer and such discovery would only embarrass and pressure Defendant into an unwarranted settlement for fear of ruining his reputation.  If either party determines that other modifications are needed, the parties will confer before bringing the matter to the Court's attention**

c. The case presents the following issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:

    **The parties agree to follow the rules for production of ESI as set forth in Fed. R. Civ. P. 34, and will confer concerning any disagreement concerning production of ESI in advance of bringing those issues before the Court.**

d. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

    **None**

    i.    Have the parties agreed on a procedure to assert such claims **AFTER** production?

    __**X**_ No

    ____ Yes

e. Identify the discovery, if any, that can be deferred pending settlement discussion and/or resolution of potentially dispositive motions:

    **None**

3

    f.   The parties do recommend that discovery proceed in phases as follows:

        i.   Party-only discovery as to liability; then only if liability is established;

        ii.   Broader discovery as to damages.

    g.   Describe the areas in which expert testimony is expected and indicate whether each expert will be specially retained within the meaning of Fed. R. Civ. P. 26(a)(2):

**If Plaintiff or Defendants seek to establish a matter affirmatively through the use of expert testimony, they shall identify such expert by January 15, 2014. The manner of identification shall be by way of the disclosures required by Fed. R. Civ. P. 26(a)(2).**

**Any rebuttal experts or rebuttal expert opinions shall be disclosed by February 15, 2015.**

**Leave of court is not required in order to depose a testifying expert.**

    h.   Discovery Deadline:  **June 25, 2015**.

Dispositive Motion Deadline:  **June 18, 2015**.

**7.   Settlement Discussions**

    a.   Has a settlement demand been made?

**Yes, but the parties are at an impasse.**

    b.   Date by which a settlement demand can be made: **Continuous.**

    c.   Date by which a response can be made:  **A response has been provided.**

**8.   Settlement Week Referral**

The earliest Settlement Week referral reasonably likely to be productive is:

\_\_\_\_   December 2014         Settlement Week

\_\_\_\_   March 2015             Settlement Week

| | | |
|---|---|---|
| __X__ | June 2015 | Settlement Week |
| ____ | September 2015 | Settlement Week |

9. **Other matters for the attention of the Court:**

   **None**


Respectfully submitted,

| | |
|---|---|
| /s/ Kessia C. Cericola | /s/ Yousef M. Faroniya per email authority |
| Kessia C. Cericola (0091047) | Yousef M. Faroniya |
| *Trial Attorney* | YMF, INC.: The Law Office of Yousef M. Faroniya |
| Email: kcericola@dahmanlaw.com | 84 S. 4th St. |
| Samir B. Dahman (0082647) | Columbus, Ohio 43215 |
| Email: sdahman@dahmanlaw.com | Tel.: (614) 360-1855 |
| DAHMAN LAW, LLC | Fax: (614) 859-5016 |
| Two Miranova Place, Suite 500 | E-mail: yousef@ymfincorporated.com |
| Columbus, OH 43215 | |
| Tel: 614.636.1250 | |
| Fax: 614.633.3366 | |
| | |
| *Counsel for Defendant Stephen Bechtel* | *Trial Counsel for Plaintiff Malibu Media, LLC* |
5

**CERTIFICATE OF SERVICE**

I certify that I filed the foregoing *26(f) Report of the Parties* with the Clerk of Court on November 26, 2014 using the Court's CM/ECF system which will serve copies of the same upon counsel for all parties through the Court's CM/ECF filing system.

/s/ Kessia C. Cericola