## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

```
-----------------------------------------------------------------X
                                              :
MALIBU MEDIA, LLC,                            :
                                              :     Civil No. 2:14-cv-805
                       Plaintiff,             :
                                              :     Judge: Edmund A. Sargus, Jr.
            vs.                               :
                                              :     Magistrate Judge Mark R. Abel
STEPHEN BECHTEL,                              :
                                              :
                       Defendant.             :
                                              :
-----------------------------------------------------------------X
```

### PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(f) for the following reasons hereby moves for the entry of an order striking Defendant's affirmative defenses.

### I.      INTRODUCTION

On November 10, 2014, Defendant filed his Answer asserting eight (8) affirmative defenses against Plaintiff's Complaint. *See* CM/ECF 9. Defendant's Fifth and Seventh affirmative defenses fail as a matter of law. Accordingly, they are legally insufficient under Fed. R. Civ. P. 12(f) and should be stricken. In short, Plaintiff is suing Defendant for copyright infringement—not negligence; accordingly, Defendant's defense of contributory negligence is inapplicable and fails as a matter of law. Further, Plaintiff has not failed to join an indispensable party under Fed. R. Civ. P. 19, and to the extent Defendant claims that other infringers in the relevant BitTorrent swarms should have been joined, other BitTorrent infringers are joint tortfeasors. Well-settled black letter tort law holds that joint tortfeasors are not indispensable

parties.  For the foregoing reasons, as explained more fully below, Plaintiff respectfully requests this Court grant the subject Motion.

## II.    LEGAL STANDARD

The Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "A motion to strike an affirmative defense 'is proper if the defense is insufficient; that is, if as a matter of law, the defense cannot succeed under any circumstances.'"  *Microsoft Corp. v. Lutian*, 2011 WL 4496531, at *1 (N.D. Ohio 2011) (quoting *U.S. Sec. & Exch. Comm 'n v. Thorn,* 2002 WL 31412440 *2 (S.D. Ohio 2002) and *Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.,* 961 F.Supp. 1078, 1083 (W.D. Mich. 1997)).  "Further, the motion is proper if it aids in eliminating spurious issues before trial, thereby streamlining the litigation."  *U.S.S.E.C. v. Thorn*, 2002 WL 31412440, at *2 (S.D. Ohio 2002).  Motions to strike should be granted as to those defenses "so legally insufficient that it is beyond cavil that defendants could not prevail on them."  *United States v. Pretty Products, Inc.*, 780 F. Supp. 1488, 1498 (S.D. Ohio 1991) (*quoting United States v. Kramer*, 757 F. Supp. 397, 410 (D.N.J. 1991)).  Granting a motion to strike is also proper where "the pleading to be stricken has no possible relation to the controversy." *HCRI TRS Acquirer, LLC v. Iwer*, 708 F. Supp. 2d 687, 689 (N.D. Ohio 2010) (*quoting Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953).

## III.    DEFENDANT'S AFFIRMATIVE DEFENSES SHOULD BE STRICKEN

### A. Defendant's Fifth Affirmative Defense (Contributory Negligence) Should be Stricken

Defendant's Fifth Affirmative Defense fails as a matter of law because contributory negligence is not a defense to a claim for copyright infringement.  Rather, contributory negligence is only a defense to a negligence claim.  Here, Plaintiff's Complaint contains a single

claim for copyright infringement—not negligence.  *See* CM/ECF 5.  Accordingly, Defendant's Fifth Affirmative Defense is inapplicable and should be stricken.  *See Malibu Media, LLC v. House*, 2013 WL 5954571, at *2 (E.D. Mich. 2013) ("Plaintiff's amended complaint alleges a single count for direct copyright infringement, not negligence, and thus there can be no defense of contributory negligence."); *Malibu Media, LLC v. Ryder*, 2014 WL 1040478, at *2 (D. Colo. 2014) (same).

**B. Defendant's Seventh Affirmative Defense (Failure to Join an Indispensable Party) Should be Stricken**

Defendant Seventh Affirmative Defense states in its entirety that "Plaintiff's claims are barred by Plaintiff's failure to join an indispensable party."  CM/ECF 9, at p. 6.  There are no indispensable parties required to be joined in this case under the Federal Rules of Civil Procedure.  And, Defendant has failed to identify or allege who the purported indispensable party might be.  *See*, *e.g.*, *Joe Hand Promotions, Inc. v. Havens*, 2013 WL 3876176, at *3 (S.D. Ohio 2013) (striking affirmative defense, holding "Defendant fails to identify any alleged indispensable party and utterly fails to explain why any such party cannot be joined . . . Under these circumstances . . . the *Motion to Strike* is meritorious."); *Hammer v. Peninsula Poultry Equip. Co., Inc.,* 2013 WL 97398, at *7 (D. Md. 2013) (same, holding "this particular defense should include not only the title of the defense but also the name of the party required to be joined, and, if possible, the required party's citizenship and a statement regarding the court's jurisdiction over the case if he were joined.")  Here, Defendant clearly failed to plead such information.

Further, there are no additional parties required to be joined as a matter of law.  Under Fed. R. Civ. P. 19(a)(1):

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A)    in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B)    that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i)    as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii)    leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Id.* Here, there are no persons required to be joined according to Rule 19 because "[t]o prevail against [Defendant], Malibu needs to prove that [he] downloaded its copyrighted material without authorization. The court will be able to adjudicate these matters and to 'accord complete relief' whether or not" other unknown individuals are present. *Malibu Media, LLC v. John Doe 1*, 2013 WL 30648, at *10 (E.D. Pa. 2013). Additionally, there are no other persons that can claim an interest in Defendant's actions in using BitTorrent to illegally infringe Plaintiff's works whose interest would be impaired or without whom Defendant would be left at risk of incurring double, multiple, or otherwise inconsistent obligations. *See Malibu Media, LLC v. Batz*, 2013 WL 2120412, at *4 (D. Colo. 2013) (same).

Although Defendant failed to identify the alleged indispensable parties, to the extent Defendant's affirmative defense is aimed at other alleged infringers who took part in the relevant BitTorrent swarms, "Defendant's belief that 'other alleged infringers have not, and must, be joined in this lawsuit is debunked by the well-settled interpretations of Rule 19(a).'" *Malibu Media, LLC v. Doe*, 2013 WL 4048513, at *3 (N.D. Ind. 2013). Other "unnamed swarm members need not be joined as parties." *Malibu Media, LLC v. John Doe 1*, 2013 WL 30648, at

*10 (E.D. Pa. 2013). BitTorrent Peers, as joint tortfeasors, are not necessary parties under Rule 19. *Id.* "[J]oint tortfeasors are neither necessary parties under Rule 19(a) nor indispensable parties under Rule 19(b)." *Id.* And, "copyright [infringement] is a strict liability tort." 5 Patry on Copyright § 17:167. Here, Plaintiff alleged Defendant directly infringed Plaintiff's copyrights by: (a) downloading a complete copy of Plaintiff's works from other peers via BitTorrent; and (b) distributing pieces of Plaintiff's works to other peers (as evidenced by its distribution of pieces to IPP, Plaintiff's investigator). If Plaintiff proves its case, Defendant is individually liable for this direct infringement.

It is well-settled, black letter, tort law, that joint tortfeasors are *not* necessary parties. *See Temple v. Synthes Corp.*, Ltd. 498 U.S. 5, 6 (1990) ("It has long been the law that it is not necessary for all joint tortfeasors to be named in a single lawsuit. . . . The Advisory Committee Notes to Rule 19(a) explicitly state that 'a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability.' 28 U.S.C.App., p. 595.") This rule has been applied in copyright cases. *See*, *e.g.*, *Interscope Records v. Duty* 2006 WL 988086, *2 (D. AZ 2006) ("[Defendant] also argues that the alleged infringement would not have been possible without the use of Kazaa [a peer to peer file sharing service], and therefore the owner of Kazaa, Sharman Networks, Ltd. ("Sharman"), is a necessary and indispensable party to this suit. We disagree. . . ." citing, *Temple v. Synthes Corp., Ltd.,* 498 U.S. 5, 7-8, 111 S.Ct. 315, 316, 112 L.Ed.2d 263 (1990)); *Multimedia Games, Inc. v. WLGC Acquisition Corp.*, 214 F. Supp. 2d 1131, 1142 (N.D. Okla. 2001) ("It is a well-settled rule that a joint tortfeasor is not a necessary party under Rule 19(a) to an action against another party with similar liability. A tortfeasor considered to have 'joint and several' liability is simply a permissive party to an action

against another with like liability.  Because a co-tortfeasor is simply allowable but not necessary for a copyright violation, they are by nature also not indispensable parties.").

Because Plaintiff has not failed to join an indispensable party, Defendant's Seventh Affirmative Defense fails as a matter of law and should be stricken.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant the subject Motion.

DATED: December 16, 2014.

Respectfully submitted,

**YMF, INC.: The Law Office of Yousef M. Faroniya**

*/s/ Yousef M. Faroniya*
Yousef M Faroniya
84 S. 4th St.
Columbus, Ohio 43215
Tel.: (614) 360-1855
Fax: (614) 859-5016
E-mail: yousef@ymfincorporated.com
*Attorneys for Plaintiff*

## L. Civ. R. 7.3 CONFERRAL STATEMENT

Pursuant to L. Civ. R. 7.3(b), undersigned counsel attempted to confer with counsel for Defendant prior to filing the instant motion.  Undersigned e-mailed defense counsel on December 16, 2014 laying out the affirmative defenses that are subject to this motion and the basis for moving to strike each.  However, defense counsel has not responded to undersigned's email.  Because the deadline to file the instant Motion is today, undersigned is filing it without defense counsel's input as to whether or not he agrees to the relief requested.

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:    */s/Yousef Faroniya*